IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA ENGLISH, an individual <br>       Plaintiff, <br><br> v. <br><br> BRANDON CLABES, an individual; and <br> AARON COLLINS, an individual <br>       Defendants. | Case No. CIV-25-69-G |

# COMPLAINT

## PARTIES

1. Plaintiff Amanda English is a resident and citizen of Cleveland County in the State of Oklahoma.

2. Defendant Brandon Clabes is a resident and citizen of Oklahoma County in the State of Oklahoma.

3. Defendant Aaron Collins is a resident and citizen of Oklahoma County in the State of Oklahoma.

## JURISDICTION & VENUE

4. The first cause of action arises under 42 U.S.C. § 1983, therefore this Court has proper jurisdiction pursuant to 28 U.S.C. § 1331.

5. Supplemental jurisdiction exists for the second cause of action which arises under state law pursuant to 28 U.S.C. § 1367.

6. Venue in the United States District Court for the Western District of Oklahoma is proper pursuant to 28 U.S.C. § 1391.

## **FACTS**

7. In July 2013, English became employed with Metro Technology Centers ("MetroTech") as a Law Enforcement Services instructor. During the last decade, English developed a National Best Practice high-school law-enforcement program and was instrumental in the development of the state-wide basic peace officer certification program

8. During her employment with MetroTech, English received above average performance reviews and consistently received recognition for the quality and excellence of her instruction.

9. In or around 2020, Defendant Aaron Collins became the Superintendent of MetroTech. English's supervisor also changed and became an individual named Jeremy Cowley.

10. Around this time, MetroTech began preparing to offer a Basic Peace Officer Certification for adult students. To offer this program, MetroTech applied to CLEET for approval.

11. As a part of its application, MetroTech nominated English to serve as the Director of the BPOC Program.

12. On October 14, 2020, CLEET approved MetroTech's application in a public vote.

13. From October 14, 2020, through the end of her employment with MetroTech, English did not receive appropriate support and was attempting to perform the duties of three separate individuals, while often being berated by her supervisor, who on at least one occasion screamed profanities at her while he was throwing a temper tantrum.

14. Despite the inordinate workload that MetroTech imposed on English, she continued to perform her duties in an exemplary way. In fact, she was selected as the National Teacher of the Year by the Association for Career & Technical Education.

15. In 2021, MetroTech's Basic Peace Officer Certification Academy for January 2022 was advertised to the public. The program was scheduled to begin on January 18, 2022.

16. An individual named Paul Bush applied for enrollment in or around October 2021. Bush is an African American male.

17. As a state institution, MetroTech has rules, policies, and procedures in place related to the expulsion or removal of students, and students have a constitutionally protected property interest in their status as students.

18. Bush was enrolled in the BPOC Academy on January 7, 2022.

19. On January 12, 2022, English sent a list of enrolled students to CLEET.

20. On January 13, 2022, Assistant Director of CLEET, Earl Morrison, had a phone conversation with English regarding Mr. Bush's eligibility to participate in the BPOC Academy. Morrison stated that Mr. Bush was not

eligible to participate in the BPOC Academy because he was working for the Maysville Police Department. Later that same day, Morrison sent English an email stating that Mr. Bush "is not approved to attend Metro Tech's basic police officer academy."

21. English believed that there was confusion about Mr. Bush's employment status because she believed he was not employed by Maysville as of January 7, 2022.

22. Indeed, CLEET's own records demonstrated that Mr. Bush's employment with Maysville was "Inactive" on January 7, 2022.

23. As a result of her confusion, English contacted Mr. Bush and informed him that CLEET believed he was still employed at Maysville Police Department and, therefore, ineligible to participate in the BPOC Academy.

24. On the same date (January 13), Mr. Bush provided information to English that he was not full-time.

25. On January 14, English was not in the office due to a scheduled day off for personal reasons.

26. The next three days (January 15-17) were the weekend and a holiday, where MetroTech was closed.

27. On January 18, English sent an updated list of participants to CLEET, which included Mr. Bush's name, as he had provided proof that he was eligible to participate in the program.

28. On January 19, CLEET directed English to remove Mr. Bush from the BPOC Academy. However, Mr. Bush had previously been enrolled in the program and English did not believe she had the authority to unilaterally remove Mr. Bush from the BPOC Academy. On this date, English had a phone conversation with Earl Morrison at CLEET; English informed Morrison that she did not believe that she had the authority to remove Mr. Bush, but that she would contact the MetroTech Assistant Superintendent and begin the process of removing Mr. Bush.

29. English thereafter spoke with the MetroTech Assistant Superintendent, David Martin, who asked to speak with Mr. Bush. During this conversation, Martin informed Mr. Bush that he should return to class for now until Martin corresponded with CLEET.

30. On February 8, 2022, Clabes sent a letter to Collins.

31. Collins received the letter on or around February 9, 2022.

32. In the letter, Clabes falsely stated that English "knowingly and maliciously refused to follow our direction by allowing a cadet to attend your basic peace officer certification academy which CLEET regulates by state statute. Ms. English's decision to allow the ineligible cadet to attend Metro Tech's BPOC was not based on a mistaken understanding or erroneous information from CLEET staff. Instead, it was a direct and flagrant defiance of CLEET's authority as the accreditation body for all BPOC programs in the state."

33. Clabes knew at all times that English did not have the authority to remove the cadet from the MetroTech BPOC Academy. English informed Clabes and others at CLEET that MetroTech's policies and procedures (and the United States Constitution, Fourteenth Amendment) prohibited her from unilaterally removing a student. Such an action could only be taken by others in her chain of command following notice and a hearing.

34. In his February 8 letter, Clabes stated that he was unilaterally revoking English's license as the Director of the MetroTech BPOC Academy.

35. Prior to his unilateral decision to revoke English's license, Clabes did not provide English any notice or opportunity to be heard.

36. As a result of his purported decision to revoke her license as Director, Clabes stated to Collins that "[b]ecause of this action, you will need to identify someone as acting BPOC Director until a permanent director can be designated and submitted to CLEET for formal approval." English was therefore removed from her position as Director.

37. On April 12, 2022, English was terminated from her position at MetroTech based upon the recommendation by Defendant Collins.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### Violation of 14th Amendment

38. English incorporates by reference the above and foregoing allegations as though set forth in full herein.

39. This cause of action is brought against Defendant Brandon Clabes in his individual capacity.

40. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

41. The Constitution itself does not create property interests. Instead, property interests are defined by independent sources such as state statutes, regulations, rules, or even contracts. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 536 (10th Cir. 1995).

42. Defendant Clabes acted at all times under the color of law.

43. English possessed a constitutionally protected property interest in her license as the Director of the MetroTech BPOC Academy. Oklahoma law permitted CLEET to revoke her license only "for cause." See OAR 390: 15-4-4(b), eff. 8-11-19.

44. This right was clearly established as of February 8, 2022. See, e.g. Barry v. Barchi, 443 U.S. 55, 64 (1979) (holding that an individual has a protected property interest as a state licensed harness racing trainer where license can only be revoked for cause); see also Hennigh v. City of Shawnee, 155 F.3d 1249, 1254 (10th Cir. 1998) (holding that state law creates a property interest when the state may only make a decision "for cause").

45. On February 8, 2022, Clabes, "as Executive Director of the Council on Law Enforcement and Education immediately revoke[d]" English's license as Director.

46. Clabes did not provide any pre-deprivation or post-deprivation process to English. English did not have any notice or opportunity to be heard prior to the revocation of her license as Director.

47. Clabes' actions were intentional and malicious and/or taken in reckless disregard of English's clearly established constitutional rights.

48. As a direct and proximate result of Clabes' violation of English's procedural due process rights, English suffered economic and non-economic damages in a sum in excess of Seventy-Five Thousand Dollars and No/ 100 ($75,000.00).

## SECOND CAUSE OF ACTION
### Intentional Interference with Contractual Obligations

48. English incorporates by reference the above and foregoing allegations as though set forth in full herein.

49. This cause of action is asserted against Defendants Brandon Clabes in his individual capacity and Defendant Collins.

50. "The right of any person to pursue [her] chosen vocation without unlawful interference from third persons is a valuable right which the courts protect." Taxicab Drivers' Local Union No. 889 v. Pittman, 1957 OK 259, 18, 322

P.2d 159, 166. "[T]he gravamen of this cause of action for damages is the defendants' interference with the plaintiff's job" *Id.*

51. English had a contractual right in her at-will employment with MetroTech•.

52. Clabes and Collins maliciously and wrongfully interfered with English's contractual relationship with MetroTech as alleged herein.

53. Clabes' and Collins' interference was neither justified, privileged, nor excusable.

54. Clabes' and Collins' actions were intentional and malicious or taken with reckless disregard of English's rights.

55. As a direct and proximate result of Clabes' and Collins' intentional interference, English suffered economic and non-economic damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants for damages in a sum in excess of $75,000.00 plus interest, attorney fees, costs, and all such other and further relief for which the Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in Complaint.

Dated: January 15, 2025

Respectfully submitted,

/s/Christopher L. Kannady

Christopher L. Kannady, OBA #20513
FOSHEE & YAFFE
P.O. BOX 890420
Telephone: (405) 378-3033
Facsimile: (405) 632-3036
clk@fylaw.com
Attorney for Plaintiff

/s/Mike Hunter

Mike Hunter, OBA #4503
ATTORNEY AT LAW
Suite 3020 100 N. Broadway
Oklahoma City, OK 73102
Telephone: (405) 985-3828
Mike@mjhlaw.net